BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:25-mj-00274-REP |
| Plaintiff, | |
| vs. | **MOTION FOR DETENTION** |
| HERNAN ARTEAGA-SOLCHAGA, | |
| Defendant. | |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests the Defendant, Hernan Arteaga-Solchaga, be detained pending trial. Due to the serious risk that the Defendant will flee, a detention hearing is authorized under 18 U.S.C. § 3142(f)(2)(A) to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant. At the hearing, the United States will present evidence and argument as to the Defendant's risk of flight/non-appearance. The United States therefore submits this Motion to make the threshold showing that a detention hearing is warranted and that the Defendant should be detained. This motion previews some of the evidence and argument that the Government expects to present at the hearing.

**MOTION FOR DETENTION - 1**

## FACTUAL BACKGROUND

Hernan Arteaga-Solchaga, is a citizen of Mexico. On October 19, 2025, Immigration and Customs Enforcement (ICE) officers encountered the Defendant in Canyon County, Idaho. The Defendant was present at an illegal horse racing event at which the Federal Bureau of Investigations (FBI) was serving a search warrant. The Defendant was questioned and was referred to ICE-ERO who were on site. The Defendant stated that he is a citizen and national of Mexico by virtue of birth. Official immigration records of the Department of Homeland Security show that he is a citizen of Mexico and had been previously deported on September 5, 2017, after having been released from federal prison. The Defendant was convicted of conspiracy to distribute methamphetamine on September 30, 2015, and sentenced to 30 months in prison. The Defendant has been charged with a violation of Title 8 U.S.C. § 1326, Deported Alien Found in the United States.

## ANALYSIS

Whether a defendant is detained pending trial is a two-step analysis under the Bail Reform Act. First, the court determines whether a detention hearing is authorized. Second, the court determines whether "any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

**I.  This Court should conduct a detention hearing because the Defendant poses a serious risk of flight.**

A detention hearing is warranted if, upon motion of the attorney for the Government, the case involves a serious risk the defendant will flee. 18 U.S.C. § 3142(f)(2)(A). The Government must prove risk of flight by a preponderance of evidence. *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1136 (D. Idaho July 10, 2023); *see also United States v. Santos-Flores*, 794

**MOTION FOR DETENTION - 2**

F.3d 1088, 1090 (9th Cir. 2015). A "serious risk of flight" under § 3142(f)(2)(A) is a great risk – beyond average – "that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *Id.* at 1138. When evaluating the risk, this Court has recognized the following four categories as relevant to its determination: (1) "incentives to flee"; (2) "ability to flee"; (3) "ties to the jurisdiction and the United States"; and (4) "reliability and trustworthiness of the defendant." *Id.* at 1140.

Here, those factors show the Defendant is a serious risk of flight, including:

1. <u>Incentives to flee</u>

The Defendant has previously been convicted of conspiracy to distribute methamphetamine and was sentenced to 30 months in federal prison. He now faces the felony charge of deported alien found in the United States. The weight of evidence against him is strong and a conviction is likely.

Under the applicable U.S. Sentencing Guidelines provision, U.S.S.G. § 2L1.2, the Defendant's estimated guidelines range is 24-30 months imprisonment. This is not an insignificant period of incarceration. Avoiding a felony conviction, corresponding prison sentence, and deportation provides an incentive to flee.

2. <u>Ability to flee</u>

Ability to flee involves the Defendant's access to resources that would enable flight. *See Figueroa-Alvarez,* 681 F. Supp. 3d at 1142. Defendant's financial situation is unknown, but the cost associated with leaving the District of Idaho is minimal.

3. <u>Ties to the jurisdiction and the United States</u>

The Defendant's lack of ties to the jurisdiction and the United States is one of the most significant factors for the Court to consider. *See id.* at 1142. "This fact-specific inquiry involves

**MOTION FOR DETENTION - 3**

multiple factors: (i) length of residence in the jurisdiction and the United States; (ii) presence of family members in the jurisdiction and the United States; (iii) community ties to the jurisdiction and the United States; and (iv) ability to legitimately be employed and earn income in the United States." *Id.* at 1142.

Here, the Defendant's ties to the community is unknown. However, on October 19, 2025, in a sworn statement to ICE, the Defendant stated he is single and has no children. As an illegal alien without authority to be in the United States, he cannot lawfully gain employment in the United States. The Government lacks much additional information about the Defendant or his circumstances in the United States. However, his unlawful presence in the United States after being deported, lack of a lawful way to be employed, and his previous illegal drug activity is concerning and supports a finding that he poses a serious risk of flight.

    4.    <u>Reliability and trustworthiness of the Defendant</u>

The Defendant was deported after a serious drug trafficking conviction, yet he willing returned to the United States without lawful authority. He has shown his disregard for federal law by reentering the United States without authorization.

As such, the Court should grant a detention hearing.

**II.    This Court should detain the Defendant pretrial because he poses a risk of non-appearance.**

An analysis of the factors to be considered under § 3142(g) reveals by a preponderance of the evidence that there is no condition, or combination of conditions, that would reasonably assure the Defendant's appearance at future proceedings if release. 18 U.S.C. § 3142(f); *see United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). In accordance with § 3142(g), the Court considers four factors—the nature and circumstances of the offense, the weight of the

**MOTION FOR DETENTION - 4**

evidence, the history and characteristics of the defendant, and the nature of the danger, if any, posed to the community upon release. 18 U.S.C. § 3142(g).

Here, the weight of the evidence, the Defendant's history and characteristics and the nature of the danger posed to the community upon release, all weigh in favor of detention.

For all these reasons, the Government requests the Court detain the Defendant pending trial.

## CONCLUSION

The United States has met its burden to show by a preponderance of evidence that the Defendant poses a serious risk of flight and a risk of non-appearance. For these reasons, the Government requests that the Defendant be detained pending trial in this case.

Respectfully submitted this 23rd day of October, 2025.

> BART M. DAVIS
> UNITED STATES ATTORNEY
> By:
>
>
> */s/ Christian S. Nafzger*
> CHRISTIAN S. NAFZGER
> Assistant United States Attorney

**MOTION FOR DETENTION - 5**